*In re* APPLICATION OF THE COOK COUNTY COLLECTOR FOR THE TAX YEAR 1982 (Hugo Brandstetter *et al.*, Objectors-Appellants, v. Edward J. Rosewell, Cook County Collector, Realtor-Appellee).

First District (2nd Division)  No. 1—89—0929

Opinion filed May 12, 1992.

James A. Rooney and Gordon H. Millner, both of Chicago, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Daniel E. Cannon, and Karen J. Dimond, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Objectors, the owners of 21 parcels of real estate located throughout Cook County, appeal from the circuit court's dismissal of their objections protesting increases in their property tax assessments for the year 1982.

In November 1983, the objectors filed five-count objections protesting the increase in the assessed value of their property. The allegations in all 21 objections were virtually identical and all concerned assessments for the 1982 tax year; only the identity of the property owners and the amount of the assessments differed.

In count I, objectors alleged that the Cook County assessor (Assessor) had a policy of increasing nonquadrennial year assessments for property when the Board of Appeals of Cook County (Board) had reduced the Assessor's assessment for the preceding year, *i.e.*, when the Board reduced an assessment of property made by the Assessor, it was the policy of the Assessor to increase the assessment for that property in the following year.

For example, in 1980 and 1981 the assessment on the property involved in objection No. 2743 was increased to $80,872. In both years, the objector filed complaints with the Board, and in both years, the Board reduced the assessment to $41,139. In 1982, the Assessor again increased the property assessment to $80,872 and the objector again filed a complaint. However, in that year, the Board reduced the assessment to $53,195, $12,056 more than its previous assessment. Similarly, with regard to the 20 other parcels of property, the Board either confirmed the 1982 increased assessments or reduced them to amounts that exceeded the 1981 assessments set by the Board.

The objectors alleged in count I that the Assessor lacked jurisdiction to make routine increases in the assessments in nonquadrennial years. The objectors also alleged that the Assessor had no authority

to increase the assessments in the absence of some change in the subject property that would justify the increases.

In count II, the objectors realleged the allegations contained in count I and also alleged that the Assessor and the Board had failed to prescribe and make public the standards for the 1982 property assessments, as required by section 13 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 494). The objectors further alleged that the Assessor's practice of routinely increasing the assessments to the amount found to be excessive by the Board in previous years established that the Assessor's determination was not based on the application of assessment standards as they existed in January 1982, and that this practice rebutted any presumption of correctness with regard to the 1982 assessment.

In count III, the objectors alleged that the Board lacked jurisdiction to confirm any or all of the 1982 increases in the assessments because, for the reasons set forth in count I, the Assessor lacked jurisdiction to make the increases. The objectors also alleged that the Board lacked jurisdiction to confirm a nonquadrennial assessment made in the manner set forth in count II.

Count IV alleged that in years prior to 1982, it was the practice of the Board to restore its reduction of previous years in cases where the Assessor increased assessments in a nonquadrennial year. The objectors claimed that despite the fact that the Board did not prescribe or make public a change in that practice for 1982, a new Board member adopted a practice of reviewing each such case. The objectors further claimed that in making this review, the Board member considered evidence presented to the Board for the year in which the first reduction was granted, rather than facts relevant to the property's value as of January 1982.

It was also alleged that the Board member's decision was based on a determination of whether, in his judgment, the Board had erred in making the first reduction. According to the objectors, this conduct rendered the increased assessments void because Board practices could not be changed by a single member, and because the final decision of the Board could not be reopened solely on the basis of the judgment of a new Board member.

The objectors alleged in count V that the Assessor and the Board were required by statute to act jointly to establish assessment standards; that the standards applied by the new Board member were not established jointly with the other members or the Assessor; that the standards were applied on a case-by-case basis without having been made public or available in advance; and that they were applied to the

evidence submitted to the Board for the prior year rather than to new evidence relevant to the January 1982 value of the property.

The objectors alleged that the Assessor did not appear before the Board and presented no evidence to support the increase. The objectors also alleged that the only evidence before the Board was the Assessor's increase to an amount which the Board had previously found to be excessive and the unrebutted complaints and affidavits of the objectors stating that there had been no substantive changes to the property.

The Cook County collector (Collector) filed motions to strike all of the objections, alleging that the Assessor and the Board had acted within their authority. The Collector argued that under the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 482 *et seq.*), the Assessor had the authority to make any annual revision in assessments "as shall appear to him to be just" and was not bound to follow the decision of the Board in making assessments in other years. The Collector also argued that where a complaint is made, the Board may make revisions in assessments purely on its own knowledge and information without taking any evidence or documenting the reasons for its actions.

The circuit court granted the Collector's motion to strike. The court found that the objections failed to establish a theory of law entitling the objectors to relief. The court stated that it was beyond dispute that the Assessor had authority to make changes in assessments in nonquadrennial years and that the Assessor was not to be bound by the determinations of the Board in prior years. The court also found that the Board and its members were free to exercise their duties of office without regard to actions taken in prior years. Finally, the court found that there was nothing in the objections to rebut the presumption that the actions of the Assessor and the Board were correct.

In entering its findings, the court stated that because the objectors had not set forth a theory of law that could be maintained under any circumstances, its dismissal would be with prejudice. When asked by counsel for objectors about the possibility of raising a different theory of recovery in an amended complaint, the court stated that it would rule upon any amended pleadings when filed.

No amended pleadings were presented to the court. Instead, the objectors filed a motion to reconsider, which was denied. This appeal followed.

■ Section 97 of the Revenue Act grants the Cook County Assessor the authority to make annual revisions in assessments "as shall appear to him to be just." (Ill. Rev. Stat. 1981, ch. 120, par. 578.) In

their briefs on appeal, the objectors concede that the Assessor has the authority to revise assessments in nonquadrennial years. However, they argue that the circuit court erred in ruling that the objections failed to state a valid claim for relief.

■ In reviewing a case of specific objection, a court will presume that the assessing authority competently and honestly performed its function. (*In re Application of Rosewell* (1985), 106 Ill. 2d 311, 478 N.E.2d 343.) Thus, when challenging an assessment, the taxpayer bears the burden of establishing by clear and convincing evidence that the taxing authorities have not exercised their honest judgment and that the assessment is constructively fraudulent. *In re Application of the County Treasurer* (1989), 131 Ill. 2d 541, 550-51, 546 N.E.2d 506 (*Ford* or *Ford Motor Co.*).

■ In *Ford*, the supreme court noted that a finding of constructive fraud usually was based on evidence of the circumstances surrounding the assessment. The court stated that fraud was found when the circumstances indicated that, in fixing the value of the property, the assessing officer failed to exercise his or her honest judgment either by ignoring the known value of the property or by failing to consider and apply recognized standards by which the value of property is determined. (*Ford Motor Co.*, 131 Ill. 2d at 551.) The supreme court listed the following as examples of circumstances showing constructive fraud: (1) an assessor's disregard of the amount the property brought at a recent sale; (2) an assessor's failure to consider both rental value and fair market value of the property; (3) a valuation that was based on a speculative future value that was contingent on the happening of an uncertain event and not what the property would fairly sell for at the time of the assessment; (4) an assessment that resulted from public demand and not from a thorough investigation of the actual value of the property; and (5) an assessor's refusal to consider recent sales of property in determining the property's value. *Ford Motor Co.*, 131 Ill. 2d at 551-52.

■ In the present case, the objectors allege only that, after a reduction in the assessments by the Board, the Assessor routinely returned the assessments to the amount at which he had assessed the property prior to the Board's reduction. The objectors claim that these allegations show that the Assessor failed to exercise his honest judgment in increasing their assessments and that the increases could not have appeared "just" to the Assessor because he made them routinely without considering any facts to justify them.

It does not appear that the mere fact that the Assessor returned the amount of the assessments to an earlier value establishes either

constructive fraud or that the assessment did not appear to be just. In *Chicago Title & Trust Co. v. Tully* (1979), 76 Ill. App. 3d 336, 395 N.E.2d 42, this court stated that the language authorizing revisions as shall appear "just" contemplates making adjustments which are in harmony with the requirements that the assessments be uniform and bear some relation to fair cash value within that class of property. *Tully*, 76 Ill. App. 3d at 343.

In addition, neither the fact that the assessments were returned to amounts that had previously been reduced by the Board nor the presence of a routine or regular pattern in the Assessor's action requires a conclusion that the Assessor failed to exercise his honest judgment. See *In re Application of Clark County Collector* (1983), 116 Ill. App. 3d 539, 452 N.E.2d 100 (holding that the fact that the Assessor increased assessments for a variety of properties by the same percentage did not show constructive fraud); *Mid-Continental Realty Corp. v. Korzen* (1976), 40 Ill. App. 3d 133, 351 N.E.2d 376 (finding no constructive fraud in a case where the Assessor reinstated an assessment made in an earlier year after it had been reduced by the Board).

Thus, it would appear that the circuit court properly concluded that the objectors failed to state a claim for relief.

The objectors also argue that the circuit court erred in denying them leave to replead. This argument is without merit.

The transcript from the hearing on the Collector's motion to strike reveals that, when asked by counsel for the objectors whether its ruling precluded the filing of an amended complaint, the circuit court stated:

"I am not going to rule on that. I don't know. If you want to file something—I set forth my reasons to try to assist Counsel. I am not here as an interlocutor to answer questions. If you wish to file something and have this Court construe it, Mr. Millner, you certainly have access to this Court at any time and then we will make a determination upon having it considered."

In light of the trial court's statement, there is no basis for the objectors' claim on appeal that they were denied the opportunity to replead.

For the foregoing reasons, the order of the circuit court dismissing the objections is affirmed.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.